IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PELOTON INTERACTIVE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 20-1535 (UNA) ) |
| ICON HEALTH & FITNESS, INC., | ) JURY TRIAL DEMANDED ) |
| Defendant. | ) ) ) ) |

**PLAINTIFF PELOTON INTERACTIVE, INC.'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Peloton Interactive, Inc. ("Peloton") respectfully moves this Court to enter a temporary restraining order and preliminary injunction pursuant to Federal Rule of Civil Procedure 65, enjoining:

1. Defendant ICON Health & Fitness, Inc. ("ICON"), its employees, officers, and agents from making any disclosure or use of Peloton's Advertising Materials for any purpose, until such time as the Court rules on Peloton's motion for a preliminary injunction, except that ICON's outside counsel may use such materials solely for purposes of responding to Peloton's discovery requests, responding to Peloton's motion for preliminary injunction, and for preparing for the hearing on Peloton's motion for a preliminary injunction;

    a. For the above-stated purposes, ICON fact witnesses can be shown Peloton's Advertising Materials or discuss their contents with ICON's outside counsel only to the extent those persons have already read, viewed, or been told of or learned any information contained in Peloton's Advertising Materials, and such witnesses are identified in writing by name, job title, and responsibility to counsel for Peloton, with ICON's counsel providing a representation and a

description of the witness sufficient to show that they already have been exposed to Peloton's Advertising Materials or their contents; and

2. Anyone at ICON who has received, read, seen, or otherwise has been told of or learned any information contained in Peloton's Advertising Materials from having any involvement in ICON's marketing and advertising and product design efforts until such time as the Court rules on Peloton's motion for a preliminary injunction.

The grounds for this motion are fully set forth in Peloton's brief in support of its motion and the exhibits, declarations, and other materials submitted herewith.

A proposed order is attached.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mflynn@mnat.com
amoshos@mnat.com

*Attorneys for Plaintiff Peloton Interactive, Inc.*

OF COUNSEL:

Steven N. Feldman
Harry Mittleman
Ashley Artmann
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
(213) 788-4340

November 16, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PELOTON INTERACTIVE, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 20-1535 (UNA) |
| ICON HEALTH & FITNESS, INC., | ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

Having considered Plaintiff Peloton Interactive, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction, and all papers filed in connection therewith, and having found sufficient grounds favoring issuance of a temporary restraining order;

**IT IS HEREBY ORDRED** this _____ day of November, 2020, that the Motion for a Temporary Restraining Order is GRANTED;

IT IS FURTHER ORDERED that:

1. Defendant ICON Health & Fitness, Inc. ("ICON"), its employees, officers, and agents are hereby enjoined from making any disclosure or use of Peloton's Advertising Materials for any purpose, until such time as the Court rules on Peloton's motion for a preliminary injunction, except that ICON's outside counsel may use such materials solely for purposes of responding to Peloton's discovery requests, responding to Peloton's motion for preliminary injunction, and for preparing for the hearing on Peloton's motion for a preliminary injunction;

    a. For the above-stated purposes, ICON fact witnesses can be shown Peloton's Advertising Materials or discuss their contents with ICON's outside counsel only to the extent those persons have already read, viewed, or been told of or learned any information contained in Peloton's Advertising Materials, and such witnesses are identified in writing by name, job title, and responsibility to

- 2 -

        counsel for Peloton, with ICON's counsel providing a representation and a description of the witness sufficient to show that they already have been exposed to Peloton's Advertising Materials or their contents; and

2. Anyone at ICON who has received, read, seen or otherwise has been told of or learned any information contained in Peloton's Advertising Materials shall not have any involvement in ICON's marketing and advertising and product design efforts until such time as the Court rules on Peloton's motion for a preliminary injunction.

**IT IS FURTHER ORDERED** that a hearing on Peloton's motion for a preliminary injunction is set for _____, before the undersigned.

This Order shall expire at _____, absent other order of the Court.

_____
*J.*