IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PELOTON INTERACTIVE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 20-1535-RGA |
| v. ) | |
| ) | |
| ICON HEALTH & FITNESS, INC. ) | |
| ) | |
| Defendant. ) | |

## ICON HEALTH & FITNESS, INC.'s RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

ICON opposes Peloton's motion for expedited discovery because Peloton has not established good cause that it will be "prejudiced by the normal pace of pretrial procedures" as it argues (D.I. 12 at p. 20). Peloton cannot establish several elements of a prima facie case for misappropriation against ICON as a defendant and cannot establish any immediate irreparable harm. (*See* ICON Opposition to Motion for TRO).[1] The act of filing an ill-advised motion for TRO and preliminary injunction does not entitle Peloton to accelerated discovery beyond the normal pace of pretrial procedures in the Federal Rules, particularly when ICON's very inclusion as a named party in this lawsuit is so questionable.

ICON further opposes Peloton's efforts to blame ICON's counsel, Maschoff Brennan, for forcing Peloton to file a TRO and seek immediate fact discovery. Peloton never sought to obtain the requested information in a reasonable manner, instead informing ICON's counsel that it would file a lawsuit *no matter what* steps ICON took or what information ICON provided to Peloton. (*See* Brennan Decl. in support of ICON's Opposition to Peloton's TRO at ¶¶ 29–33).

---

[1] By filing this response, ICON does not waive its right to raise any defenses, including improper venue.

RLF1 24353512v.1

Once it became clear that Peloton was more interested in creating a litigation event to harm ICON through a coordinated media attack than it was in the actual merits of its case, ICON indicated it would only share further information within the protections provided by the Federal Rules. *Id.*

Furthermore, the facts provided in ICON's opposition to Peloton's TRO respond to the narrow areas of inquiry requested in Peloton's proposed discovery requests, obviating Peloton's urgency for obtaining this information.

Notwithstanding the foregoing, if at the November 30th hearing the Court determines that the narrow expedited discovery specifically requested by Peloton would aid its decision-making, then ICON will meet and confer with Peloton on response deadlines to the requested discovery provided that ICON is able to conduct reciprocal discovery and provided that ICON maintains any and all defenses, for example a challenge to venue or dismissal of Peloton's complaint for failure to state a claim against ICON.

| OF COUNSEL: | /s/ Frederick L. Cottrell, III |
|---|---|
| | Frederick L. Cottrell, III (#2555) |
| | Christine D. Haynes (#4697) |
| David R. Wright | Richards, Layton & Finger, P.A. |
| Michael Howell | 920 N. King Street |
| MASCHOFF BRENNAN GILMORE | Wilmington, DE  19801 |
| ISRAELSEN & WRIGHT PLLC | (302) 651-7700 |
| 111 South Main Street, Suite 600 | cottrell@rlf.com |
| Salt Lake City, Utah 84111 | haynes@rlf.com |
| (801) 297-1850 | |
| | *Attorneys for Defendant* |
| Sterling A. Brennan | |
| Tyson K. Hottinger | |
| MASCHOFF BRENNAN GILMORE | |
| ISRAELSEN & WRIGHT PLLC | |
| 100 Spectrum Center Drive, Suite 1200 | |
| Irvine, California 92618 | |
| (949) 202-1900 | |

Dated:  November 23, 2020