IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PELOTON INTERACTIVE, INC., | |
| Plaintiff, | Civil Action No. 20-cv-01535-RGA |
| v. | |
| ICON HEALTH & FITNESS, INC., | |
| Defendants. | |

MEMORANDUM ORDER

Before the Court is Peloton's Motion to Dismiss ICON's Counterclaim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (D.I. 51). The motion has been fully briefed. (D.I. 52, 55, 59). For the reasons set forth below, Peloton's motion is GRANTED.

I. **BACKGROUND**

In November 2020, Peloton filed a Complaint against ICON alleging violations of the Defend Trade Secrets Act (DTSA), 18 U.S.C. 1836. (D.I. 2). In particular, the Complaint alleges that ICON obtained a copy of Peloton's advertising plans, which constitute "proprietary and trade secret documents," via a third-party contractor. (*Id.* ¶¶ 23-32). Peloton initially moved for a temporary restraining order and a preliminary injunction (D.I. 7) but withdrew its motion after receiving ICON's responsive briefing. (D.I. 32 at 1-2).

ICON's Answer to Peloton's Complaint includes a counterclaim for declaratory judgment, requesting that this Court declare that (1) ICON did not engage in trade secret misappropriation; (2) the Peloton advertising plans do not constitute trade secrets under the DTSA; (3) Peloton failed to take reasonable measures to keep the materials secret; (4) ICON did

1

not obtain the materials via improper means; and (5) Peloton brought this litigation in bad faith. (D.I. 37 ¶¶ 33-46).[1]

## II. LEGAL STANDARD

The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). For a declaratory judgment action to be a live case or controversy, the dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks and alterations omitted). The Supreme Court summarized: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (*Id.*).

## III. DISCUSSION

Peloton argues that ICON's counterclaim warrants dismissal because there is a "'complete identity of factual and legal issues' between ICON's Counterclaim and Peloton's Complaint." (D.I. 52 at 6). In addition, Peloton notes that ICON's affirmative defenses also raise the same issues. (*Id.* at 8).

---

[1] Paragraph numbering of the counterclaim begins on page 18. (D.I. 37).

2

A declaratory judgment counterclaim may be dismissed if it is "redundant and [will become] moot upon the disposition of the complaint." *Aldens, Inc. v. Packel*, 524 F.2d 38, 51 (3d Cir. 1975). Typically, a court may justify dismissal when "there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Id.* at 51-52. If there is any doubt that a counterclaim will not be mooted via adjudication of the main action, dismissal is disfavored. *See Penn Mut. Life Ins. Co. v. Norma Espinosa 2007-1 Ins. Trust*, 2010 WL 3023402, at *6 (D. Del. July 30, 2010) (citing *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Trust*, 674 F. Supp. 2d 562, 566 (D. Del. 2009)).

Here, the parties dispute the overlap of claims concerning trade secret misappropriation under the DTSA. In order to state a claim for trade secret misappropriation under the DTSA, one must demonstrate: "(1) the existence of a trade secret, defined generally as information with independent economic value that the owner has taken reasonable measures to keep secret; (2) that is related to a product or service used in, or intended for use in, interstate or foreign commerce, and (3) the misappropriation of that trade secret, defined broadly as the knowing improper acquisition, or use or disclosure of the secret." *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021) (cleaned up).

On its face, it appears that ICON's counterclaim is the mirror image of Peloton's DTSA claim. Peloton's complaint alleges (1) that the Peloton Advertising Plans are trade secrets under the DTSA; (2) that Peloton took reasonable efforts to secure the Plans; (3) ICON acquired the Plans via "improper means;" and (4) ICON had reason to know it was improperly in possession of proprietary information. (D.I. 2 ¶¶ 58-61). ICON's counterclaim states that (1) ICON did not engage in misappropriation of Peloton's trade secrets; (2) the Plans are not trade secrets; (3)

3

Peloton did not use "reasonable measures" to keep the Plans secret; and (4) ICON did not acquire the Plans via improper means. (D.I. 37 ¶¶ 35-39).

ICON contends that it should be able to obtain a declaratory judgment that decides every element of the DTSA claim, and thus its counterclaim should stand. (D.I. 55 at 11). The briefing explains, as an example, that while the complaint could be resolved on a finding that ICON did not acquire the Plans via improper means, this would not necessarily include a finding on the status of the Plans as protectable trade secrets. (*Id.*). ICON cites no support, however, for its theory that a declaratory judgment counterclaim must survive to ensure that the court delivers a judgment on all elements of the underlying claim. More importantly, ICON does not explain how its requests for specific declarations are not rendered moot by an adjudication of the DTSA dispute, which is the only "case or controversy" underlying this action. As Peloton's briefing notes, this theory would permit all mirror-image declaratory judgment counterclaims to proceed where the claims alleged contain multiple elements (as is almost always the case). (D.I. 59 at 1).

ICON also argues it should be able to maintain its claim because it would be beneficial to its investors and to the public. (D.I. 55 at 9). In support, ICON's briefing focuses on the fact that Peloton accused it of engaging in a "fraudulent campaign" to steal trade secrets in a previous filing. (*Id.*; *see* D.I. 1 at 1). In light of Peloton's public allegations, ICON contends that addressing every element of the DTSA claim "will serve a useful purpose for the parties and for the investing public." (D.I. 55 at 10). ICON analogizes to the patent context where courts may adjudicate declaratory judgment counterclaims for invalidity in the interest of "informing the public." (*Id.* at 11 (quoting *Avocent Huntsville, LLC v. ZPE Sys., Inc.*, 2018 WL 4859527, at *8 (N.D. Cal. July 23, 2018)). I am not persuaded that the status of a document as a trade secret has the same relevance to the public as the validity of a patent. Further, adjudication of the merits of

4

the Complaint and ICON's affirmative defenses will provide ICON the opportunity to counter Peloton's narrative of events.

In one aspect, ICON's counterclaim differs from Peloton's Complaint. ICON requests a declaration that Peloton asserted its claim in bad faith. (D.I. 37 ¶ 45). The DTSA provides that "if a claim of the misappropriation is made in bad faith, which may be established by circumstantial evidence . . . [a court may] award reasonable attorney's fees to the prevailing party." 18 U.S.C. § 1836(b)(3)(D).

Several courts have permitted counterclaims concerning bad faith and attorneys fees under the DTSA or statutes with similar provisions to proceed. *See Ruby Slipper Café, LLC v. Belou*, 2019 WL 1254897, at *13-14 (E.D. La. March 19, 2019) (declining to dismiss a counterclaim for attorneys' fees under the DTSA); *Erickson v. Brock & Scott, PLLC*, 2009 WL 4884424, at *5 (W.D. Tenn. 2009) (upholding a request for declaratory judgment that "that [Plaintiff] brought the action in bad faith" under the Fair Debt Collection Practices Act). Other courts have declined to hear such counterclaims. *See Pinebrook Holdings, LLC v. Narup*, 2020 WL 871578, at *9 (E.D. Mo. Feb. 21, 2020) (dismissing counterclaim for attorneys' fees under the DTSA because its request is not appropriate until after a determination on the merits); *Concordia Pharm. Inc. SARL v. Lazarus Pharm. Inc.*, 2019 WL 2502212, at *7 (D.S.C. May 17, 2019) (denying leave to add a counterclaim for bad faith claim of trade secret misappropriation because "the attorneys' fees dispute is not ripe at this point").

Absent any precedent to the contrary,[2] I am not convinced that declaratory relief is an appropriate exercise of the Court's discretion in this instance, as the dispute over attorneys' fees

---

[2] ICON's briefing does not provide any relevant precedent and the Court has not located anything beyond that which has already been discussed.

5

in this action is not yet ripe. *See Step-Saver Data Sys., Inc v. Wyse Tech.*, 912 F.3d 643, 646-48 (3d Cir. 1990) (considering the ripeness of a declaratory judgment action). ICON's briefing does not address this issue beyond stating that, "With regard to ICON's counterclaim for attorney fees for Peloton's bad faith in filing and continuing to litigate this case, ICON does not need this claim to keep its counterclaim 'on life support' as Peloton contends." (D.I. 55 at 11).

Following the adjudication on the merits, ICON is free to move for attorneys' fees. (*See* D.I. 52 at 10-11 (arguing that ICON can pursue attorneys' fees by motion)).

## IV. CONCLUSION

For the reasons stated above, Peloton's Motion to Dismiss ICON's Counterclaim (D.I. 51) is **GRANTED**. ICON's counterclaim for declaratory judgment is **DISMISSED**.

IT IS SO ORDERED this 26th day of August 2021.

/s/ Richard G. Andrews
United States District Judge